**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Patrick MILLER, aka Pat Miller; Michael Patric Miller, Defendant—Appellant.**

No. 07–10311.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 21, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald C. Rachow, Esq., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Leah Wigren, Esq., Reno, NV, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, GOULD and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Michael Patrick Miller ("Miller") appeals the denial of his suppression motion, his jury conviction, and the 82–month sentence imposed for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, *United States v. Gust*, 405 F.3d 797, 799 (9th Cir.2005), and we affirm.

Miller contends that the district court erred in denying the motion to suppress. We disagree. Miller has no standing to contest the search and seizure. *United States v. Stephens*, 206 F.3d 914, 917 (9th Cir.2000). In light of the totality of the circumstances, including Miller's denial of ownership and physical relinquishment of control over the duffel bag, Miller did not have a reasonable expectation of privacy in the duffel bag and its contents. *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir.1986).

Miller argues that his statements to officers were coerced. We disagree.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Although Miller did not like the choices available to him, the circumstances do not render the choosing involuntary. *See United States v. Miller,* 984 F.2d 1028, 1031–32 (9th Cir.1993).

■ Miller contends that the guilty verdict was not supported by substantial evidence. We disagree. Even without Miller's confession, a rational trier of fact could have found that Miller possessed the firearm based on the circumstantial evidence alone. *United States v. Montgomery,* 150 F.3d 983, 1001 (9th Cir.1998).

**AFFIRMED.**